IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND MACMULLIN, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 15-1796 |
| | : | |
| SUPERINTENDENT OF | : | |
| SCI-BENNER TWP., et al., | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this __29th__ day of November, 2017, upon careful consideration of the "Protective" Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1), Respondents' Answer to Petition for Writ of Habeas Corpus (Doc. 11), Petitioner's Motion for Stay and Abeyance (Doc. 2), Respondents' Answer to Motion for Stay and Abey of Protection Petition for Writ of Habeas Corpus (Doc. 11-5), and the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (Doc. 15), **IT IS HEREBY ORDERED AND DECREED** as follows:

1. The Report and Recommendation is **ADOPTED IN PART AND REJECTED IN PART**;[1]

2. The Petition for Writ of Habeas Corpus is **DENIED WITHOUT PREJUDICE**;

3. The Motion for Stay and Abeyance is **DENIED**; and

4. There is no probable cause to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

1

BY THE COURT:

/s/ Petrese B. Tucker

_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] The Report and Recommendation is adopted with respect to its conclusion that Petitioner has not exhausted his state court remedies. It is well established that this Court may not entertain a petition for habeas corpus until a petitioner has exhausted the remedies available in state court. 28 U.S.C. § 2254 (b)(1)(A). The Court agrees with Judge Perkins that the proper mechanism to challenge an improperly calculated sentence is through a mandamus action filed against the Department of Corrections in the Pennsylvania Commonwealth Court. *Allen v. Com., Dep't of Corrections*, 103 A.3d 365, 372 (Pa. Cmmw. Ct. 2014).

The Petitioner in this case has not alleged that he sought a Writ of Mandamus from the Commonwealth Court, and there is no evidence that he did so. Petitioner may pursue the exhaustion of his state court remedies in the Commonwealth Court by requesting that the Department of Corrections redress his allegedly miscalculated sentence. Because Petitioner has not yet exhausted this remedy, this Court may not entertain his Petition.

A stay and abeyance holding a federal habeas petition pending exhaustion of state remedies may only be granted in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Petitioner fails to allege good cause for his failure to bring this claim before the Commonwealth Court. Therefore, a stay in abeyance is inappropriate.

Although Judge Perkins addressed the merits of Petitioner's claim, the Court declines to adopt that portion of the Report and Recommendation. Allowing state courts the first opportunity to decide state claims furthers the policies of comity and federalism. *See Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012).

The Court takes judicial notice that Petitioner's inmate number does not appear on the Pennsylvania Inmate Locator. This supports the conclusion that he is no longer incarcerated in the State Correctional Institution in Benner Township, Pennsylvania. The fact of Petitioner's release raises a mootness issue. However, the Court need not address this issue because the Court has no habeas corpus jurisdiction by virtue of Petitioner's failure to exhaust his state court remedies.